**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

**A.J. KRAMER**　　　　　　　　　　　　　　　　　　　　　　　Telephone (202) 208-7500
*Federal Public Defender*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX (202) 208-7515

**ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 4, 2025**

July 29, 2025

Clifton Cislak
Clerk, U.S. Court of Appeals for the D.C. Circuit
Room 5523
United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

　　　　Re: *United States v. Jeffrey Henry Williamson*, No. 24-3014

Dear Mr. Cislak:

　　　　On behalf of appellant Jeffrey Henry Williamson, under Federal Rule of Appellate Procedure 28(j), I am writing to advise of a pertinent and significant authority that has come to my attention since briefing in this case.

　　　　In *Esteras v. United States*, 145 S.Ct. 2031 (2025), the Court, relying on the statutory language, held that district courts could not consider certain factors when imposing sentences in supervised release violation proceedings. The Court explained:

> This conclusion follows directly from the application of a well-established canon of statutory interpretation: "*expressio unius est exclusio alterius*"—in plain English, "'expressing one item of [an] associated group or series excludes another left unmentioned.'" Here, §3553(a) lays out 10 factors that inform a district court's sentencing decision. Section 3583(e) provides that a district court may revoke a term of supervised release "after considering" 8 of these 10 factors. The natural implication is that Congress did not intend for courts to consider the other two factors, §3553(a)(2)(A) and §3553(a)(3). Indeed, the *expressio unius* canon has particular force here because the §3553(a)

sentencing factors constitute an "established series," such that any "omission" from that series necessarily "bespeaks a negative implication."

*Id*. at 2040-41(citations omitted). The Court noted that "[the] itemized list in § 3583(e) is exhaustive," *id*. at 2042, and concluded that:

After all, our task is to "give effect to, not nullify Congress' choice to include" that factor "in some provisions but not others." *Gallardo v. Marstiller*, 596 U.S. 420, 431, 142 S. Ct. 1751, 213 L.Ed.2d 1 (2022).

*Id*. at 2041.

The *Esteras* reasoning directly applies to Mr. Williamson's case. Congress's "specifically designed" (according to the government) comprehensive scheme provides for psychological examinations in six specifically enumerated circumstances. This "itemized list" is "exhaustive" and does not include any provisions for an examination to determine whether to file a certificate under 18 U.S.C. § 4246, although § 4246 authorizes an examination *after*, but not before, the filing of a certificate. This "shows that Congress did not intend for courts" to order examinations such as in the present case. This court should "give effect to, not nullify Congress' choice."

Very truly yours,

/s/
A. J. Kramer
Federal Public Defender

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B)

I hereby certify that the foregoing Rule 28(j) contains 350 words and was prepared in Times New Roman 14-point font, in compliance with Fed. R. App. P. 32(a)(7)(B) and D.C. Circuit Rule 32(a)(2).

/s/
A. J. Kramer
Federal Public Defender

# CERTIFICATE OF SERVICE

**U.S. Court of Appeals Docket Number: 24-3014**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the district of Columbia by using the appellate CM/ECF system on July 28, 2025.

I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/
A. J. Kramer
Federal Public Defender